ministrator to know what claims must be provided for upon such settlement. While the filing of the consent within the six months would leave open the settlement of the claim until the accounting, nevertheless it might be of advantage to the representative of the estate to know whether the rejected claim was insisted upon or was abandoned. While this consideration would not be of sufficient force in itself to determine the construction of the statute, it has some weight, in connection with the other considerations noted, in leading us to a conclusion adverse to that reached by the learned surrogate.

The claim of the respondent that the failure of the administratrix to give notice of the rejection of the claim for a considerable time after its presentation constituted an acceptance of the claim, by which she is foreclosed, seems to be answered in Re Callahan's Estate, reported in 152 N Y., at page 320, 46 N. E. 486. The rule is there asserted that "the mere silence on the part of an executor or administrator after the presentation of a claim under the statute against the decedent's estate, accompanied by lapse of time, will not in any case preclude the representative from thereafter contesting its validity."

The order should therefore be reversed, with costs.

Order reversed, with $10 costs and disbursements. All concur.

---

(75 App. Div. 474.)

### PRESERVALINE MFG. CO. v. SELLING et al.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. INJUNCTION—PLEADING—SUPPLEMENTAL ANSWER—PERMISSION TO FILE—REVIEW

Plaintiff sued S. and the H C. Co. to restrain the latter from violating plaintiff's trade-marks, and to restrain S. from continuing in the employ of the H. C. Co., he having broken his contract not to work for any competitor of plaintiff within a specified time after his discharge from plaintiff's employ The H. C. Co was not served, but S. answered, and thereafter applied for leave to file a supplemental answer, alleging that the trade-marks which plaintiff was seeking to protect contained false and fraudulent statements *Held*, that though the facts alleged in such answer could be no defense to S. in the action against him, as the validity of the defense could be disposed of at the trial, an order allowing him to serve such answer would not be reversed.

2. SAME—TERMS.

Where defendant asked leave to plead by supplemental answer facts which existed prior to the service of the original answer, and entirely changed the issues presented, he should only be permitted to serve such answer on payment of the costs to date, and on condition that he stipulate that plaintiff may discontinue the action without costs, if so advised.

Appeal from special term, New York county.

Action by the Preservaline Manufacturing Company against Albert H. Selling, impleaded with the Heller Chemical Company. From an order permitting defendant Selling to file a supplemental answer, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Frank L. Crocker, for appellant.
Isaac W. Goodhue, for respondents.

INGRAHAM, J.    The action was brought to restrain the defendant Heller Chemical Company from violating the plaintiff's trade-marks, and the defendant Selling from continuing further in the employ of the Heller Chemical Company as its salesman.    The defendant Selling answered on the 22d day of January, 1902.    In June, 1902, Selling made an application for leave to serve a supplemental answer, alleging that the trade-marks which the plaintiff seeks to protect in this action contained false and fraudulent statements.    The action against Selling was to enforce a covenant contained in a contract of employment in which contract Selling agreed that he would not enter the employ of any competitor of the plaintiff's within a specified time after he left the plaintiff's employ; that Selling was discharged in August, 1901, for failure to account for and pay over to the plaintiff certain collections he had made on account of the plaintiff; that in September, 1901, Selling entered the employ of the defendant Heller Chemical Company, a competitor of the plaintiff; and that after his entry into the employ of the Heller Chemical Company that company commenced the infringement of the plaintiff's trade-marks.    The cause of action thus alleged and sought to be enforced against Selling is for a breach of a contract, and it would not seem to be a defense to that cause of action that certain trade-marks under which the defendant did business contained fraudulent statements of facts.    The facts alleged would not justify Selling in violating his contract with the plaintiff.    The Heller Chemical Company has not been served in this action, and is not, therefore, before the court; and, as the facts alleged in the supplemental answer could be no defense to Selling in the action to recover for a breach of his contract, I do not think that Selling should have been allowed to serve the answer.    As, however, the question as to the validity of the defense alleged can be disposed of at the trial, we are hardly justified on an appeal in reversing the order because, as it now appears, the facts alleged would not constitute a defense    The facts which are sought to be alleged are facts which existed prior to the service of the original answer, and entirely change the issues presented; and therefore we think that, as a condition for leave to serve this answer, the defendant should be required to pay the costs of the action to date, and required to stipulate that the plaintiff may discontinue the action without costs, if so advised.

The order appealed from should be modified as above indicated, and, as modified, affirmed, without costs of this appeal.    All concur.